UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD M. SILVERS and ALISA M. SILVERS, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CITIGROUP MORTGAGE LOAN TRUST INC., ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2007-AMC1; FIDELITY NATIONAL TITLE INSURANCE COMPANY OF WASHINGTON, INC., as trustee,<br><br>Defendants. | NO. 3:15-cv-05480-RJB<br><br>PLAINTIFFS' BRIEF IN OPPOSITION TO U.S. BANK'S MOTION TO DISMISS |

## I.     RELIEF REQUESTED

Plaintiffs, Ronald and Alisa Silvers, husband and wife ("Silvers") by and through their undersigned counsel, Thomas H. Oldfield, Andrea J. Peterson and Oldfield & Helsdon, PLLC hereby respond to U.S. Bank's Motion to Dismiss.

## II.     STATEMENT OF THE FACTS

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 1

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

The Silvers own real property in Bonney Lake, Pierce County, Washington, commonly known as 10912 185th Avenue East, Bonney Lake, WA 98391, Tax Parcel No.: 7001271840 (the "Property"), legally described as:

> LOT 184 OF WILLOW BROOK PUD PHASE ONE, ACCORDING TO PLAT RECORDED MAY 16, 2000 UNDER RECORDING NO. 200005165001, AND AS AMENDED BY AFFIDAVIT OF MINOR CORRECTION OF SURVEY RECORDED JULY 11, 2000 UNDER RECORDING NO. 200007110615, IN PIERCE COUNTY, WASHINGTON.

Situate in the County of Pierce, State of Washington.

*Declaration of Ronald Silvers in Support of Plaintiffs' Opposition to U.S. Bank's Motion to Dismiss, page 2* ("Silvers Decl.").

On or about September 6, 2006, the Silvers borrowed $319,200.00 (the "Loan") from Argent Mortgage Company, LLC ("Argent") evidenced by a promissory note dated September 6, 2006. The Loan was secured by a deed of trust recorded under Pierce County Auditor's file no. #200609120646 (the "Deed of Trust"). *Silvers Decl., page 2, Ex. A.* In 2013, Argent assigned the Deed of Trust to U.S. Bank, as evidence by that Assignment of Deed of Trust recorded under Pierce County Auditor's File No. 201309160721. *Silvers Decl., Ex B.* The Silvers made payments on the Loan through the payment due August 29, 2008, and is shown in the creditor's records as having been received by the creditor. *Silvers Decl., page 2; Declaration of Andrea J. Peterson in Support of Plaintiffs' Motion for Summary Judgment, Ex A.* Neither the Silvers nor any other person have made any payment on the Loan since the August, 2008 payment was received. The payment due for September, 2008, and all subsequent payments, remain due and owing. The Deed of Trust defines a default as "fail[ing] to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment . . .", and specifies that the lender *may*, upon default, foreclose upon the

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 2

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

Deed of Trust. The Silvers have not paid real property taxes or insurance premiums for the Property since August, 2008. In November, 2008, the Silvers requested a modification of the Loan, but the terms proposed by the then holder of the Note, Countrywide Home Loans, were not acceptable to Plaintiffs.

On September 30, 2009, the Silvers filed a voluntary Chapter 7 bankruptcy petition and in the United States Bankruptcy Court for the Western District of Washington (the "Petition"). *Silvers Decl., page 2-3, Ex. C.* The Silvers' Petition provided, in pertinent part, that the property at issue would be surrendered to the lender. *Silvers Decl., page 3*. On November 4, 2009, the Chapter 7 Trustee, Michael D. Hitt, filed a Report of No Distribution declaring that he made a diligent inquiry into the financial affairs of Plaintiffs, and the location of the property belonging to the estate, and that there was no property available for distribution from the estate over and above that exempted by law. *Peterson Decl., Page 2, Ex. B*. On January 25, 2010, the Silvers received an order granting them a discharge under 11 U.S.C. §727 (the "Discharge Order"). *Silvers Decl., Ex. D*. The effect of the Discharge Order was to render the Note unenforceable under 11 U.S.C. §524(a).

On March 26, 2015, the Silvers received a Default Notice and Notice of Intent to Foreclose. *Silvers Decl., Ex. E*. To date, U.S. Bank and its successors and assigns, including its current loan servicer Specialized Loan Servicing, have taken no action following the bankruptcy filing and surrender of the Property and discharge order to foreclose the Deed of Trust. *Silvers Decl., page 3*. The six year statute of limitations in which U.S. Bank was entitled to foreclose its security interest in the Property expired no later than September 1, 2014.

### III.     EVIDENCE RELIED UPON

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 3

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

This opposition is based on the attached declaration of Ronald Silvers, the Declaration of Andrea J. Peterson, and the pleadings and records on file herein.

## V.     LEGAL AUTHORITY AND ARGUMENT

### A.   The Six-Year Statute Of Limitations Has Expired.

U.S. Bank admits that its ability to foreclose the Deed of Trust is governed by the six-year statute of limitations applicable to all written contracts.[1] A deed of trust is created by contract, and is subject to a six year statute of limitations. See *Walcker v. Benson and McLaughlin, P.S.*, 79 Wn. App. 739, 904 P.2d 1176 (1995). RCW 4.16.040 states: The following actions shall be commenced within six years: (1) An action upon a contract in writing, or liability express or implied arising out of a written agreement. . . . A deed of trust encumbering real property is unenforceable as a matter of law if the foreclosure of the deed of trust is barred by the six year statute of limitations. *Jordan v. Bergsma*, 63 Wn. App. 825, 830, 833 P.2d 319 (1991). In any action based upon a written contract, or where liability is express or implied arising out of a written agreement, the action itself must be commenced within six years after breach. *RCW 4.16.040; Harmony at Madrona Park Owners Ass'n v. Madison Harmony Development, Inc.*, 143 Wn. App. 345, 177 P.3d 755 (2008).

The six year statute of limitations applicable to mortgages applies to foreclosure of deeds of trust, and RCW 7.28.300, which expressly makes the statute of limitations a defense in mortgage foreclosure, applies to foreclosures of deeds of trust. *Walcker v. McLaughlin*, 79 Wn. App. 739, 746 (1995). The *Walcker* court explains:

> The goal of statutes of limitations is to force claims to be litigated while pertinent evidence is still available and while witnesses retain clear impressions of the occurrence. [Washington's] policy is one of repose; the goals are to eliminate the

---

[1] U.S. Bank's Motion to Dismiss, page 5, ll. 8-9.

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 4

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

fears and burdens of threatened litigation and to protect a defendant against stale claims.

*Id.* at 745-746, citing *Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 701, 714, 709 P.2d 793 (1985).

The Washington Deed of Trust Act ("DTA") governs statutory deeds of trust. See *Vawter v. Quality Loan Service Corp. of WA*, 707 F.Supp. 2d 1115, 1121 (2010). The Washington legislature, in enacting the DTA, sought to promote three primary goals: (1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles. *Id.* at 1121. **The key feature of the DTA is the beneficiary's ability to direct the trustee [by invoking the power of sale] to foreclose the deed of trust by a nonjudicial foreclosure sale if the borrower defaults on his or her debts.** Id. (emphasis added). While the DTA does not explicitly refer to any limitation period for nonjudicial foreclosures, the court in *Walcker v. Benson and McLaughlin, P.S.*, 79 Wn. App. 79, 743 (1995) stated: ". . . under the plain language of RCW 61.24.020, the [6 year] limitation period for foreclosure of mortgages should apply.

A trust deed securing an obligation is voidable, not void, upon the expiration of the contractual statute of limitation. *Jordan v. Bergsma*, 63 Wn. App. 825, 831, 822 P.2d 319 (1992). Thus, enforcement of the lien created by the deed of trust is subject to challenge, as provided for in RCW 61.24.130. Further, the Washington legislature has provided a borrower with an avenue through which to invalidate or remove a lien existing by virtue of a deed of trust, the foreclosure of which is barred by the statute of limitations. RCW 7.28.300. As described above, a deed of trust is a separate contract with its own default provisions and

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 5

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

statute of limitations. U.S. Bank's ability to foreclose or enforce the lien expired six years after the date of default, and its Motion to Dimiss should be denied.

U.S. Bank, in its Motion to Dismiss, confuses the Note, and the obligations thereunder with the separate legal obligations imposed on the Silvers by virtue of the Deed of Trust. The Silvers' last payment was for the payment due August, 2008. No subsequent payments have been made by the Silvers. Upon non-payment of the September, 2008 payment, the Silvers were in default under the specific provisions of the Deed of Trust, and U.S. Bank could have invoked the power of sale thereunder.

U.S. bank argues that the statute of limitations began to run when the Silvers were no longer obligated under the note, January 25, 2010. That position confuses the Note with the Deed of Trust. If U.S. Bank's legal theory is accepted - that a lender has six years following the date of each missed payment to foreclose its interest in those six years' worth of missed payments, or that a statute of limitations doesn't begin running until the maturity date or a bankruptcy discharge - then a lender, who chooses not to accelerate a debt would have **no less than 36 years** to foreclose a Deed of Trust securing a 30 year loan, <u>even if the default was failure to make the first or second payment due under the terms of the secured note</u>. That result is contrary to the expectations of any reasonable borrower, and to the borrowers' protections provided in the Deed of Trust Act. That interpretation would also circumvent and ignore the primary purposes of statutes of limitation: namely, to eliminate the fears and burdens of threatened litigation and to protect a defendant against stale claims. Timely litigation assures preservation of accurate evidence, and accomplishes one of the primary goals of the Deed of Trust Act, *certainty of title*. The Defendants delayed acting to foreclose their security interest

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 6

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500

for more than six years after Plaintiffs' default. They are now precluded by the statute of limitations from proceeding with their untimely foreclosure of the Deed of Trust.

Even absent the Silvers' bankruptcy discharge, U.S. Bank would be barred from foreclosing on its Deed of Trust after it failed to do so for six years following the Silvers' breach. Thereafter, U.S. Bank would be left only with its remedies under the Note. The bank's rights under the Note run separately, and this Court should not allow the bank to confuse the Note with the statute of limitations that runs pursuant to the terms of the Deed of Trust.

Here, U.S. Bank failed to initiate a foreclosure proceeding within six years after the default. Its Motion to Dismiss should be denied and this matter should be allowed to proceed.

## VI.   PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion.

DATED this 11th day of August, 2015.

_____
Thomas H. Oldfield, WSBA #2651
Andrea J. Peterson, WSBA #45670
Of attorneys for Plaintiffs

PLAINTIFFS' BRIEF IN OPPOSITION
Case No. 3:15-CV-05480-RJB - 7

LAW OFFICES
OLDFIELD & HELSDON, PLLC
1401 Regents Blvd, Suite 102
Fircrest, WA 98466
P.O. Box 64189
University Place, WA 98464
TEL (253) 564-9500 / FAX (253) 414-3500