1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 | RONALD M. SILVERS and ALISA M.
SILVERS,

CASE NO. 15-5480 RJB

12 |                     Plaintiffs,

13 |          v.

14 | U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE FOR

15 | THE CERTIFICATE HOLDERS OF
CITIGROUP MORTGAGE LOAN

16 | TRUST INC., ASSET BACKED PASS-
THROUGH CERTIFICATES SERIES

17 | 2007-AMCI; FIDELITY NATIONAL
TITLE INSURANCE COMPANY OF

18 | WASHINGTON, INC., as trustee,

19 |                     Defendant.

ORDER ON U.S. BANK'S MOTION
TO DISMISS AND PLAINTIFFS'
MOTION TO CERTIFY QUESTION

20

21

22

23

24

        This matter comes before the Court on U.S. Bank National Association as trustee for the

certificate holders of Citigroup Mortgage Loan Trust Inc., Asset Backed Pass-Through

Certificates Series 2007-AMC1's ("U.S. Bank") Motion to Dismiss (Dkt. 8) and Plaintiffs'

Motion to Certify Question of State Law to the Washington Supreme Court (Dkt. 12).  The Court

1   has considered the pleadings filed in support of and in opposition to the motions and the file

2   herein.

3       This case concerns real property located at 10912 185th Avenue East, Bonney Lake,

4   Washington.  Dkt. 1-2.  The sole question in the case is when the six year statute of limitation

5   began to run on enforcing a deed of trust.  Plaintiffs contend that the statute of limitation began

6   to run on September 1, 2008, and so U.S. Bank's right to enforce a deed of trust lien against the

7   property has expired.  Dkt. 11.  U.S. Bank argues that it began to run on January 1, 2010.  Dkt. 8.

8   Plaintiffs also argue that when the statute of limitations began to run is a question that this Court

9   should certify to the Washington State Supreme Court.  Dkt. 12.  For the reasons set forth below,

10  U.S. Bank's Motion to Dismiss (Dkt. 8) should be granted, and Plaintiffs' Motion to Certify

11  Question of State Law to Washington Supreme Court (Dkt. 12) should be denied.

12                    **I.    BACKGROUND FACTS AND PROCEDURAL HISTORY**

13      The following background facts are uncontested.

14  **A.  BACKGROUND FACTS**

15      On September 6, 2006, Plaintiffs borrowed $319,200 from Argent Mortgage Company, LLC

16  ("Argent") evidenced by a Promissory Note ("Note").  Dkt. 1-2.  The Note was secured against

17  the property by a Deed of Trust.  Dkt. 11-1, at 5-29.  Argent assigned its interest in the Deed of

18  Trust to U.S. Bank on September 9, 2006.  Dkt. 11-1, at 31-32.

19      Plaintiffs made loan payments through August 29, 2008, but since then, no further payments

20  have been made.  Dkt. 11-1, at 2.

21      On September 30, 2009, Plaintiffs petitioned for bankruptcy relief under Chapter 7 of the

22  U.S. Bankruptcy Code.  *In re Silvers*, United States Bankruptcy Court for the Western District of

23  Washington case number 09-47299 PHB; Petition found in this case at Dkt. 11-1, at 34-75.

24

1   (Further citations to pleadings from the bankruptcy case will be citations to the record in this

2   case).  In the Petition's "Debtor's Statement of Intention," Plaintiffs indicated that the real

3   property at issue here would be surrendered to the lender, although they may also have intended

4   that the property be exempt.  Dkt. 11-1, at 68.  On November 4, 2009, the Chapter 7 Trustee filed

5   a Report of No Distribution which indicated that there was no property available for distribution

6   from the estate over and above that exempted by law.  Dkt. 11-2, at 6.  On January 25, 2010, the

7   Plaintiffs received an order granting them discharge under 11 U.S.C. §727 ("Discharge Order").

8   Dkt. 11-1, at 77-78.

9       Parties agree that the effect of the Discharge Order was to render the Note unenforceable

10  pursuant to 11 U.S.C. §524(a).  Dkts. 8, at 4 and 11 at 3.  Parties also agree that the Deed of

11  Trust was enforceable post bankruptcy discharge.  Dkts. 1-2, at 6; 8, at 4.

12      On March 26, 2015, the Plaintiffs received a "Default Notice and Notice of Intent to

13  Foreclose."  Dkt. 11-1, at 80-82.  U.S. Bank acknowledges that it has made no further attempt to

14  foreclose on the property.  Dkt. 8, at 2.

15  **B.  PROCEDURAL HISTORY**

16      Plaintiffs filed this case on July 10, 2015, and contend that the statute of limitations has

17  expired on U.S. Bank's right to enforce the Deed of Trust lien against the property.  Dkt. 1-2.

18  They seek declaratory relief that the applicable six year statute of limitations in which U.S. Bank

19  could have enforced the Deed of Trust has expired, and request an order quieting title, and

20  attorneys' fees.  *Id.*

21  **C.  PENDING MOTIONS**

22      U.S. Bank moves to dismiss the case arguing that the six year statute of limitations did not

23  begin to run until January 1, 2010, and so, it still may bring a non-judicial foreclosure action.

24

Dkts. 8 and 13.  U.S. Bank argues that where, as here, the debt is payable in installments, a separate cause of action arises on each installment, so the statute of limitations runs separately as to each.  *Id.*  It argues that the statute of limitations began to run on the last time any payment was due, which was January 1, 2010, the due date before Plaintiffs' obligations under the Note were discharged under the bankruptcy court's Discharge Order.  *Id.*

Plaintiffs oppose the motion to dismiss.  Dkt. 11.  They argue that a trust deed securing an obligation is voidable upon the expiration of the statute of limitation.  *Id.*  Plaintiffs assert that the deed of trust is a separate contract with its own default provisions and statute of limitations.  *Id.*  Plaintiffs maintain that the U.S. Bank's ability to foreclose or enforce the lien expired six years after they first defaulted under the Deed of Trust, that is, when they failed to make the September 2008 payment.  *Id.*  Plaintiffs argue that U.S. Bank confuses the requirements of the Note with the separate legal obligations of the Deed of Trust.  *Id.*  They maintain that if U.S. Bank's theory is accepted, a "lender, who chooses not to accelerate a debt would have no less than 36 years to foreclose a Deed of Trust securing a 30 year loan, even if the default was failure to make the first or second payment."  *Id.*  Plaintiffs argue that this would frustrate the purposes of the statute of limitation.  *Id.*

Plaintiffs also file a motion to certify the following question to the Washington State Supreme Court: "Whether the six year statute of limitations applicable to all written contracts applies to a deed of trust separately than the underlying promissory note that requires periodic payments."  Dkts. 12 and 20.  Plaintiffs argue that there is no governing Washington authority on the question.  *Id.*  They maintain that if the statute of limitations does apply separately, "the remedy of foreclosure against the collateral on the instrument is unavailable to the creditor more than six years after the breach thereunder; although the remedy under the promissory note itself,

1  in a given case, may not be." *Id.,* at 3.  Plaintiffs argue that certification would serve judicial

2  economy.  *Id.*

3      The Court notes that the parties do not address the impact, if any, of the automatic

4  bankruptcy stay under 11 U.S.C. § 362(a), which was in place before Plaintiffs were discharged

5  in bankruptcy.

6                          II.      **DISCUSSION**

7      As a federal court sitting in diversity, this court is bound to apply state law.  *State Farm Fire*

8  *and Casualty Co. v. Smith*, 907 F.2d 900, 901 (9th Cir. 1990).   In applying Washington law, the

9  Court must apply the law as it believes the Washington Supreme Court would apply it.

10  *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

11  "'[W]here there is no convincing evidence that the state supreme court would decide differently,

12  a federal court is obligated to follow the decisions of the state's intermediate appellate courts .'"

13  *Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001) (*quoting Lewis v.*

14  *Tel. Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir.1996) *(internal quotation marks*

15  *omitted*)).

16  **A.  STANDARD FOR MOTION TO DISMISS**

17      Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

18  legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

19  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

20  as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

21  1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

22  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

23  to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

24

1   a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

2   (2007)(internal citations omitted).  "Factual allegations must be enough to raise a right to relief

3   above the speculative level, on the assumption that all the allegations in the complaint are true

4   (even if doubtful in fact)." *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to

5   relief that is plausible on its face." *Id*. at 1974.

6       **B.  STATUTE OF LIMITATIONS**

7       In Washington, under RCW 7.28.300,

8           The record owner of real estate may maintain an action to quiet title against the
            lien of a mortgage or deed of trust on the real estate where an action to foreclose
9           such mortgage or deed of trust would be barred by the statute of limitations, and,
            upon proof sufficient to satisfy the court, may have judgment quieting title against
10          such a lien.

11   The Washington statute of limitation governing actions on written contracts, like the Deed of

12   Trust here, is six years.  RCW 4.16.040.  "The statute of limitation does not begin to run until a

13   breach of the contract occurs."  *Safeco Ins. Co. v. Barcom*, 112 Wash. 2d 575, 583 (1989).

14       U.S. Bank argues that the Deed of Trust is an installment contract.  Indeed, the Deed of Trust

15   provides that Plaintiffs agreed to "pay **when due** the principal of, and interest on, the debt

16   evidenced by the Note and any prepayment charges and late charges due under the Note."  Dkt.

17   11-1, at 8 (*emphasis added*).  Plaintiffs also agreed to pay, on the day "Periodic Payments" are

18   due, escrow items including: taxes, leasehold payments or ground rents, premiums for hazard

19   insurance and premiums for mortgage insurance, if any.  *Id.*  The Deed of Trust defines "periodic

20   payment" as "the regularly scheduled amount due for (i) principal and interest under the Note,

21   plus (ii) any amounts under [Funds for Escrow Items] of this Security Instrument."  Dkt. 11-1, at

22   6.  Accordingly, the Deed of Trust's obligations are payable in installments, and Plaintiffs'

23   breach of the contract occurred every time they missed an installment.  (Plaintiffs argue that U.S.

24

ORDER ON U.S. BANK'S MOTION TO DISMISS
AND PLAINTIFFS' MOTION TO CERTIFY
QUESTION- 6

1   Bank conflates the obligations required under the Deed of Trust with the obligations of the Note.

2   Plaintiffs fail to acknowledge, though, that the Deed of Trust specifically adopts the Note's

3   obligations and timing of when payments are due.)  The Deed of Trust is an installment contract.

4       In Washington, "when recovery is sought on an obligation payable by installments[,] the

5   statute of limitations runs against each installment from the time it becomes due; that is, from the

6   time when an action might be brought to recover it."  *Herzog v. Herzog*, 23 Wash. 2d 382, 388,

7   161 P.2d 142, 144-45 (1945); *In re Parentage of Fairbanks,* 142 Wash.App. 950, 960 (2008).

8   "A separate cause of action arises on each installment, and the statute of limitations runs

9   separately against each...." 31 Richard A. Lord, Williston on Contracts § 79:17, at 338 (4th

10  ed.2004); see also 25 David K. Dewolf, Keller W. Allen & Darlene Barrier Caruso, Washington

11  Practice: Contract Law and Practice § 16:20, at 196 (2012–13 Supp.) ("Where a contract calls for

12  payment of an obligation by installments, the statute of limitations begins to run for each

13  installment at the time such payment is due").

14       The statute of limitations on the right to enforce the Deed of Trust began running the last

15  time any payment on the Note was due.  The Plaintiffs remained personally liable on the Note

16  (and successive payments continued to be due) until January 1, 2010, when they missed that

17  payment; they received their Chapter 7 discharge on January 25, 2010.  Accordingly, the statute

18  of limitations to enforce the Deed of Trust lien began to run on January 1, 2010.  Plaintiffs' case

19  should be dismissed.

20  **C.  CERTIFICATION TO STATE SUPREME COURT**

21  Pursuant to RCW 2.60.020,

22      When in the opinion of any federal court before whom a proceeding is pending, it
        is necessary to ascertain the local law of this state in order to dispose of such
23      proceeding and the local law has not been clearly determined, such federal court

24

ORDER ON U.S. BANK'S MOTION TO DISMISS
AND PLAINTIFFS' MOTION TO CERTIFY
QUESTION- 7

1   may certify to the supreme court for answer the question of local law involved
    and the supreme court shall render its opinion in answer thereto.

2

Further, under Washington's Rules of Appellate Procedure 16.16,

3
    The Supreme Court may entertain a petition to determine a question of law
4   certified to it under the Federal Court Local Law Certificate Procedures Act if the
    question of state law is one which has not been clearly determined and does not
5   involve a question determined by reference to the United States Constitution.

6       Plaintiffs' motion to certify the above question to the Washington State Supreme Court (Dkt.

7   12) should be denied.  Plaintiff failed to show that such a certification should be made.

8   Washington law regarding the statute of limitations and installment contracts has been

9   determined.  Plaintiffs' motion should be denied.

10                          **III.    <u>ORDER</u>**

11      Therefore, it is hereby **ORDERED** that:

12      • U.S. Bank National Association as trustee for the certificate holders of Citigroup

13          Mortgage Loan Trust Inc., Asset Backed Pass-Through Certificates Series 2007-

14          AMC1's ("U.S. Bank") Motion to Dismiss (Dkt. 8) **IS GRANTED**;

15      • This case **IS DISMISSED**; and

16      • Plaintiffs' Motion to Certify Question of State Law to the Washington Supreme

17          Court (Dkt. 12) **IS DENIED**.

18      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19  to any party appearing *pro se* at said party's last known address.

20      Dated this 25th day of August, 2015.

21

22

23      ROBERT J. BRYAN
        United States District Judge

24

ORDER ON U.S. BANK'S MOTION TO DISMISS
AND PLAINTIFFS' MOTION TO CERTIFY
QUESTION- 8